ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Val K. Scheurich, III, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES

Count I

Between September 1, 1994 and October 31, 2000, respondent commingled his own *1105 funds with client funds in his trust account and converted at least $14,985.84 in client funds to his own use. According to an audit report prepared by Ronald White, respondent occasionally used his trust account to pay operating expenses. Respondent also used the trust account to pay expenses for a business he eventually incorporated and for a business that belonged to his wife. Respondent also misused the trust account by withdrawing funds as an “advance” fee, paying expenses on cases prior to depositing the settlement funds, leaving a portion of his fee in the account, or withdrawing a larger fee than that to which he was entitled.
The audit also revealed that respondent often failed to pay third party expenses which were listed on client settlement sheets. In some instances, respondent made late payments to third parties, ranging from one to six years after receiving the settlement funds.

Count II

In 1997, respondent paid a non-lawyer, Larry Harris, the sum of $550 for referring a personal injury case to him.
DISCIPLINARY PROCEEDINGS
On December 17, 2001, the ODC filed two counts of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.15 (safekeeping property of clients or third persons), 7.2(d) (a lawyer shall not give anything of value to a person for recommending the lawyer’s services), 8.1(a) (knowingly making a false statement of material fact), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Respondent answered the formal charges and did not deny any of the allegations. The matter then proceeded to a formal hearing, which was conducted by the hearing committee on April 15, 2002. The record was held open to receive evidence relating to restitution, which respondent subsequently submitted without objection.

Hearing Committee Recommendation

After reviewing the evidence presented, the hearing committee made the following factual findings:
1.Respondent converted $14,985.84 in client funds but has since made restitution.
2. Respondent paid a non-lawyer $550 for referring a case to him.
3. There is no evidence that respondent’s clients suffered any financial loss due to his conduct.
Based on these factual findings, the committee determined that respondent violated the following Rules of Professional Conduct:
1. Rules 1.3 and 1.15 by failing to promptly pay healthcare providers after receiving settlement funds. The committee noted that nearly $13,000.00 in payments were outstanding at the time of the hearing, and questioned whether respondent would have paid these sums absent disciplinary action.
2. Rule 7.2(d) for paying $550.00 to a non-lawyer as a referral fee.
3. Rule 8.4(a) for violating the Rules of Professional Conduct.
The committee made no findings as to the other rule violations alleged in the formal charges.
*1106 Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee concluded that the baseline sanction for respondent’s misconduct is a suspension from the practice of law. The committee found no aggravating or mitigating factors are present.[1] Citing Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), the committee recommended that respondent be suspended for three years.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board generally accepted the hearing committee’s factual findings and application of the Rules of Professional Conduct. In addition, the board found that respondent engaged in conduct prejudicial to the administration of justice, a violation of Rule 8.4(d), when he paid a referral fee to a non-lawyer. The board concluded the remainder of the rule violations alleged in the formal charges are not supported by the record.[2]
The board found that respondent knowingly violated duties owed to his clients and to the profession. Respondent has admitted that he converted to his own use more than $14,000 in funds withheld to pay third-party medical providers for services rendered to his clients. Although respondent paid all outstanding amounts to the medical providers after institution of these proceedings, his clients were exposed to the danger of being required to pay the providers for the unsatisfied balances on their accounts. Furthermore, respondent’s payment of a referral fee to a non-lawyer caused harm to the profession, the legal system, and the public.
In aggravation, the board recognized a pattern of misconduct. The board found the following mitigating factors are supported by the record: absence of a prior disciplinary record, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
Considering the Hinrichs guidelines, the board concluded that respondent’s misconduct falls within the category of a three-year suspension. Respondent’s actions rise above the threshold level of a “high degree of negligence,” but respondent did not commit other fraudulent acts in connection with his conversion and there is no indication that his clients were greatly harmed. Additionally, respondent paid all outstanding balances due to the third-party medical providers without the necessity of extensive disciplinary or legal proceedings.
Based on this reasoning, the board adopted the committee’s recommendation that respondent be suspended from the practice of law for three years. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
*1107 DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports the factual findings of the hearing committee, as modified by the disciplinary board. Respondent misused his client trust account, commingled personal and client funds, and paid a referral fee to a non-lawyer. Respondent also failed to timely pay third-party medical providers and instead converted those funds to his own use.
 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s misconduct is clearly serious in nature, with the most egregious violation being his conversion of funds owed to various medical providers. In Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), we set forth guidelines for imposing discipline in a conversion case:
In a typical case of disbarment for violation of DR 9-102 [now Rule 1.15], one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.
A three year suspension from practice typically results in cases involving similar but less aggravated factors. In such cases the lawyer is guilty of at least a high degree of negligence in causing his client’s funds to be withdrawn or retained in violation of the disciplinary rule. He usually does not commit other fraudulent acts in connection therewith. The attorney usually benefits from the infraction but, in contrast with disbarment cases, the client may not be greatly harmed or exposed to great risk of harm. The attorney fully reimburses or pays his client the funds due without the necessity of extensive disciplinary or legal proceedings.
A suspension from practice of eighteen months or two years will typically result where the facts are appropriate for a three-year suspension, except that there are significant mitigating circumstances; *1108 or where the facts are appropriate for a one-year suspension, except that there are significant aggravating circumstances.
A suspension from practice of one year or less will typically result where the negligence in withdrawing or retaining client funds is not gross or of a high degree. No other fraudulent acts are committed in connection with the violation of the disciplinary rule. There is no serious harm or threat of harm to the client. Full restitution is made promptly, usually before any legal proceeding or disciplinary complaint is made, [citations omitted]
Applying these guidelines to the instant case, we find applicable the factors contained in the range of a three-year suspension. Respondent acted improperly in his treatment of his clients’ funds, but no other fraudulent acts were committed in connection with the conversion. Respondent benefitted from the infraction because he used the funds in his trust account to pay his office and other personal expenses. There was some harm to respondent’s clients as well as the third-party medical providers, as they were deprived of their funds for a period of time. However, the harm was not great, and respondent ultimately made full restitution. Under these circumstances, the three-year suspension recommended by the disciplinary board is appropriate.
Accordingly, we will accept the disciplinary board’s recommendation of discipline.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Valentine Kropp Scheurich, III, Louisiana Bar Roll number 11769, be suspended from the practice of law in Louisiana for a period of three years. It is further ordered all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Regarding respondent's payment .of outstanding bills to third-party medical providers, the committee reasoned that this restitution appeared either forced or compelled and . therefore was neither an aggravating nor mitigating circumstance. ,

. The ODC did not file an objection in this court to the board's recommendation, and therefore the dismissal of these charges will not be discussed further.